NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-571

MICHAEL J. BASSICHIS & others[1]

vs.

WILLIAM H. von THADEN & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A Superior Court judge held a jury-waived trial and found in favor of the appellee, Kimberly C. von Thaden, on all claims.[3] The plaintiffs claim the judge erred in concluding that the transfer of assets from defendant William von Thaden (William) to defendant Kimberly von Thaden (Kimberly) was not a fraudulent transfer. We affirm.

Background. The plaintiffs' complaint sought damages against the defendants for breach of contract and violations of

---

[1] Sylvia E. Freed, Max Makowsky, and Lower Cape Plastering, LLC.

[2] Kimberly C. von Thaden.

[3] Defendant William H. von Thaden defaulted in this action below and did not participate in this appeal.

G. L. c. 142A, G. L. c. 93A, § 9, and the Uniform Fraudulent Transfer Act, G. L. c. 109A.  William was defaulted in the action pursuant to Mass. R. Civ. P. 55 (a), 365 Mass. 822 (1974), and prior to an assessment of damages, he filed a petition under Chapter 7 of the United States Bankruptcy Code. The bankruptcy court discharged William's debts in April 2019.

A Superior Court judge (the judge) presided over a jury-waived trial on the plaintiffs' claims against Kimberly in which twenty-one exhibits were accepted into evidence and two defense witnesses testified.  The plaintiffs called no witnesses.  The judge found for Kimberly on all claims and dismissed the claims for fraudulent transfer and to reach and apply the defendants' assets as to both Kimberly and William.  Thereafter, he denied the plaintiffs' motion for new trial and to amend and make additional findings of fact.

Facts.  The judge found the following facts.  William owned a residential construction business from 1984 to 2016.  Kimberly and William were married in 1991 and divorced in 2017 after a trial in the Probate and Family Court.

During their approximately twenty-five-year marriage, William and Kimberly acquired significant real estate holdings that were held in trust.  William and Kimberly were each cotrustees and fifty percent beneficiaries of the trust, which

2

eventually held four Orleans properties.  William had a substance use disorder and gave up his construction business in 2016.  Additionally, he withdrew and spent $896,084.80 from the couple's retirement and college-fund accounts and encumbered the couple's real estate with $509,572.38 of debt.

At the time of the Probate and Family Court trial, the net value of the marital estate was $775,793.13.  The Probate and Family Court judge awarded the entirety of the remaining marital estate to Kimberly.

After the divorce judgment entered, the trust conveyed ownership of one of the four Orleans properties to Kimberly. However, at no time before or after the Probate and Family Court trial did Kimberly meet or discuss with William that they would collude or conspire to avoid creditors.[4]  Additionally, at the time of the divorce, all four of the properties in the trust were subject to real estate attachments, secured incident to several civil actions pending against William and his business.

In 2017, after three of the properties held in the trust were sold, William filed his petition for relief pursuant to

_____

[4] Kimberly had been forced to sell real and personal property to support herself and their children.  She began to work fulltime for the first time in twenty-three years, needed to work overnight shifts of eight-to-twelve hours in duration, and even with that income she did not generate enough income to feed her family and pay her bills.

Chapter 7 of the United States Bankruptcy Code. The plaintiffs filed an adversary proceeding in the bankruptcy court challenging the discharge of William's debts due to his alleged fraudulent conveyances to Kimberly. Seven months later, the plaintiffs dismissed the adversary proceeding, and thereafter the bankruptcy court discharged William's debts in April 2019.

The plaintiffs, in their Superior Court complaint, sought to reach and apply assets held in Kimberly's name. They asserted an entitlement to the funds based, inter alia, on a building contract between one of the plaintiffs and William's company and a default judgment from the District Court against William's company.

Discussion. We are bound by the judge's findings of fact after a jury-waived trial unless they are clearly erroneous, and we review his rulings on questions of law de novo. U.S. Bank Nat'l Ass'n v. Schumacher, 467 Mass. 421, 427 (2014). After a review of the evidence, we conclude that the judge's findings of fact were amply supported by the credible evidence and discern no error.

The plaintiffs argue that the judge erred by adopting the findings of the Probate and Family Court judge and also that, because William defaulted in the Superior Court action, the allegations submitted in the complaint against him are deemed

4

true and necessitated a finding in the plaintiffs' favor on their claims for fraudulent transfer and to reach and apply assets held in Kimberly's name. We do not agree.

It is true that, upon default, "the factual allegations of a complaint are accepted as true" against the defaulting party (citation omitted). See Danca Corp. v. Raytheon Co., 28 Mass. App. Ct. 942, 943 (1990). But that principle does not require the outcome the plaintiffs seek here. William's decision to default did not obviate the plaintiffs' burden of proving their case against another party nor preclude that party from mounting a defense. See Christakis v. D'Arc Credit Union, 471 Mass. 365, 372 (2015) (entry of default "does not mean that the party in default is deemed to have admitted the plaintiff's conclusions of law"). Cf. Fletcher v. Dorchester Mut. Ins. Co., 437 Mass. 544, 550 (2002) (judge may remedy unfairness to one party's ability to prosecute or defend claim which has been prejudiced by another party's destruction of evidence). William's deemed admissions do not establish liability for Kimberly.

We are also mindful that William's deemed admissions are only a portion of the evidence considered by the judge. The judge also admitted William and Kimberly's judgment of divorce and Kimberly's trial testimony. This evidence substantiates the judge's findings that William dissipated marital assets, that

5

Kimberly received an equitable share of the marital estate via the judgment of divorce, and that the divorce judgment did not constitute a fraudulent conveyance "because William received a reasonably equivalent value in exchange for the transfer of property."[5]

We need not and do not address the propriety of the judge's incorporation of the Probate and Family Court judge's findings. Kimberly's testimony, along with the judgment of divorce -- the admission of which has not been challenged by the plaintiffs -- were sufficient to substantiate the judge's decision. Matter of Hernandez, 101 Mass. App. Ct. 856, 870 (2022), citing Howe v. Prokop, 21 Mass. App. Ct. 919, 920 (1985) (determining that in light of other evidence substantiating judge's decision, judge's reliance on challenged finding was unnecessary to decision and may be disregarded).

Like the judge, we conclude that the transfer of assets to Kimberly by means of the divorce judgment did not constitute a

---

[5] We also note, as did the judge, that the Probate and Family Court judge awarded William $183,000 to pay creditors.

6

fraudulent conveyance because William received a reasonably equivalent value in exchange for the transfer of the property.[6,7]

Judgment entered September 9, 2024, affirmed.

By the Court (Walsh, Hershfang & D'Angelo, JJ.[8]),

*Paul Little*

Clerk

Entered:  July 24, 2026.

---

[6] The plaintiffs' reach-and-apply claims, which are predicated on the theory that Kimberly "participated in a fraudulent transfer," were also properly dismissed.  As stated supra, the trust assets were fairly provided to Kimberly in the Probate and Family Court action.

[7] We grant the appellee's request for an award of attorney's fees pursuant to G. L. c. 211A, § 15, and Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019), on the ground that this appeal was frivolous.  See Avery v. Steele, 414 Mass. 450, 455 (1993) ("An appeal is frivolous when the law is well settled, when there can be no reasonable expectation of a reversal" [quotation and citation omitted]).

Within fourteen days of the issuance of this decision, the appellee may file a submission detailing and supporting the amount of their attorney's fees and costs incurred on appeal.  See Fabre v. Walton, 441 Mass. 9, 10-11 (2004).  The appellants will be allowed fourteen days to respond.

[8] The panelists are listed in order of seniority.

7